THE TOWN OF SELMER, COMPLAINANT, APPELLEE, *v.* THOMAS H. ALLEN, DEFENDANT, APPELLANT.

(*Knoxville,* December Term, 1933.)

Opinion filed October 21, 1933.

CORNELIUS, McKINNEY & GILBERT, for complainant, appellee.

HORACE OSMENT, for defendant, appellant.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

The bill herein was filed under the Declaratory Judgments Law, for the purpose of having the validity of chapter 68, Public Acts of 1933, determined.

The bill alleges that complainant, being desirous of owning and operating a waterworks and sewerage system, by ordinance duly enacted, entered into a contract of employment with the defendant, as consulting engineer, to perform all services preliminary and necessary to the making of actual contracts for the construction of the proposed system; that defendant has prepared detailed plans and specifications for such system, has obtained all necessary data and information, and has obtained the approval of the State Board of Health for such plans and specifications; but the defendant declines

to proceed further with his contract for the reason that he has been advised that the Act under which the town is proposing to construct said system is unconstitutional. The defendant has, by demurrer, raised several constitutional questions touching the validity of said Act.

Preliminarily, it may be stated that the Act contains a comprehensive and speedy plan by which incorporated towns in the State may acquire or construct water and sewer systems, and one of its objects was to enable such towns to take advantage of the public works program promulgated by the Federal Government.

The system is a very complete one, and the only substantial difference between this and the ordinary enabling act is that (a) the obligations incurred thereunder shall not be a general indebtedness or obligation of the town or its citizens in their corporate capacity, but same is to be secured by a lien upon the physical properties comprising the system, and is to be paid out of the revenues derived from the operation of the plant; (b) to issue bonds and sell them, negotiate loans upon said bonds from the Reconstruction Finance Corporation, or any other similar government agency, corporation, board or bank; (c) that in case there be any default in paying such bonds, any court having jurisdiction may appoint a receiver to administer such system on behalf of the town and the bondholders, with power to charge and collect rates sufficient to provide for the payment of such bonds.

Public improvements of this character and upon this plan have been generally upheld by the courts, and the income derived therefrom is not a tax. 26 R. C. L., 15.

The first objection to the Act is that it violates that portion of article 2, section 17, of the Constitution of Tennessee, which provides: "No bill shall become a law

which embraces more than one subject; that subject to be expressed in the title.''

The title of the Act in question is as follows:

''AN ACT to provide an additional and alternate method for the acquisition of a waterworks and/or sewerage system by any incorporated city or town in Tennessee, in nowise amending, altering or repealing any provision in the general laws of the State of Tennessee or in the charter of any city or town on the same subject, the method provided by this Act to be complete and to include a plan of administration of the system, the issuance and payments of bonds, condemnation of necessary property, payment of all expenses of construction and administration of the system.''

As has been often stated, this provision of the Constitution is directed at incongruous and independent subjects contained in the body of an act that can by no fair intendment be related to the caption thereof. *Railroad* v. *Byrne,* 119 Tenn., 278; *Coke & Coal Co.* v. *Steel Co.,* 123 Tenn., 428; *Scott* v. *Nashville Bridge Co.,* 143 Tenn., 86; *Cannon* v. *Mathis,* 55 Tenn., 504.

The generality of the title is not objectionable if not made a case for legislation incongruous in itself. *Id.*

The legislature must determine for itself how broad and comprehensive shall be the object of a statute, and how much particularity shall be employed in the title defining it. *Id.*

The general subject expressed in the title warrants provisions in the body as to the manner, mode, means, facilities and instrumentalities for the enforcement, administration, or accomplishment of the statute, though not expressly specified in the title. *State* v. *Yardley,* 95 Tenn., 553; *Railroad* v. *Byrne, supra; Couch* v. *State,* 140 Tenn., 157; *Hunter* v. *Conner,* 152 Tenn., 258.

Counsel for the defendant has pointed out no provision in the body of the Act under consideration that is foreign to or incongruous with the subject. On the other hand, every section of the Act is related to the general subject, viz., a method for constructing and operating a waterworks and sewerage system in incorporated towns in the State. This court has in several recent decisions condemned the practice of detailing in the caption the means by which an act is to be administered.

■ It is further contended that the Act violates that portion of article 2, section 17, of the Constitution, which provides: "All acts which repeal, revive or amend former laws, shall recite in their caption, or otherwise, the title or substance of the law repealed, revived or amended."

The Act under consideration was not intended to and did not, in fact, repeal any former laws. Section 23 is as follows:

"That this Act shall be deemed to create an additional and alternate method for the acquisition of a waterworks and/or sewerage system by any incorporated city or town, and shall not be deemed to include, amend or alter or repeal any other statute. No proceedings shall be required for the acquisition of any waterworks and/or sewerage system hereunder, or for the issuance of any bonds hereunder, except such as are provided by this Act, any provision in the general or private laws of the State of Tennessee or character (charter) of any city or town to the contrary notwithstanding."

By this express provision all other laws, as to the acquisition, construction and maintenance of waterworks and sewerage systems, are unaffected, and the remedies which they provide may be availed of by cities and towns

coming within their provisions. The Act in question simply provides another or an additional remedy. Or, as stated therein, the Act provides a system that is complete within itself, and is not dependent upon any other statute. It cannot be said, therefore, that this Act amends, revives or repeals any former laws.

The Chancellor was of the opinion that the Act was valid, and for the reasons set forth herein we affirm his decree.